J-S05025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRIS DUNBAR | : | |
| | : | |
| Appellant | : | No. 1137 EDA 2020 |

Appeal from the Order Entered April 7, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002187-2013

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.: Filed: May 13, 2021

Chris Dunbar appeals from the order, entered in the Court of Common Pleas of Lehigh County, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm the court's order dismissing Dunbar's untimely PCRA petition.

On February 7, 2014, following a jury trial before the Honorable Maria L. Dantos, Dunbar was convicted of involuntary deviate sexual intercourse (IDSI),[1] terroristic threats,[2] simple assault,[3] and resisting arrest.[4] On May 29,

---

[1] 18 Pa.C.S.A. § 3123(a)(1).

[2] 18 Pa.C.S.A. § 2706(a)(1).

[3] 18 Pa.C.S.A. § 2701(a)(1).

[4] 18 Pa.C.S.A. § 5104.

2014, the trial court sentenced Dunbar to an aggregate term of 14½ to 29 years' imprisonment. **See** Sentencing Order, 5/29/14, at 1. This Court affirmed his judgment of sentence on September 8, 2015.[5] **See Commonwealth v. Dunbar**, 1834 EDA 2014 (Pa. Super. filed Sept. 8, 2015) (unpublished memorandum decision). On March 16, 2016, the Pennsylvania Supreme Court denied Dunbar's petition for allowance of appeal. **See Commonwealth v. Dunbar**, 134 A.3d 54 (Pa. 2016) (Table). Dunbar did not seek review with the Supreme Court of the United States.

On October 5, 2016, Dunbar filed a *pro se* PCRA petition alleging ineffective assistance of counsel.[6] The PCRA court appointed Sean T. Poll, Esquire, to represent him. **See** Order, 10/17/16. On December 19, 2016, Attorney Poll moved to withdraw his representation, asserting that, upon his thorough review of the record, Dunbar's petition wholly lacked merit and there were no other meritorious issues to raise. **See** Motion to Withdraw, 12/19/16, at 1. Attorney Poll subsequently filed a "no-merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth**

---

[5] On direct appeal, Dunbar challenged the trial court's exclusion of evidence regarding the victim's prior consensual sexual acts pursuant to the Rape Shield Law, which, he argued, "eliminated any chance for Dunbar's defense to succeed." **See** Pa.R.A.P. 1925(b) Statement, 7/17/14, at 2; **see also** 18 Pa.C.S.A. § 3104 (evidence of victim's sexual conduct).

[6] Specifically, Dunbar claimed trial counsel was ineffective for his failure to: (1) file a pre-trial motion to pierce the rape shield; (2) present character testimony at trial; and (3) file a motion for Dunbar's reconsideration of sentence. *Pro Se* PCRA Petition, 10/5/16, at 2.

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). On January 20, 2017, the PCRA court granted Attorney Poll's petition to withdraw and ordered Dunbar to return for a continuance hearing on March 16, 2017.[7] **See** Trial Court Order, 1/20/17, at 1. Following the continuance hearing, the court scheduled a PCRA hearing for June 16, 2017 for which Dunbar hired privately retained counsel, Attorney Joshua E. Scarpello, Esquire.[8]

Attorney Scarpello represented Dunbar at the PCRA hearing on September 14, 2017.[9] Following that hearing, the court denied Dunbar's PCRA petition on December 13, 2017. Dunbar appealed and on January 29, 2019, this Court affirmed the PCRA court's order dismissing Dunbar's petition, finding that Dunbar failed to meet his burden in demonstrating that his trial counsel was ineffective. **Commonwealth v. Dunbar**, 208 EDA 2018 (Pa. Super. filed Jan. 29, 2019) (unpublished memorandum decision).

─────────────────────────────

[7] On January 5, 2017, Dunbar filed a self-titled "*Pro Se* Motion Objecting to Counsel's No Merit [sic] Letter."

[8] On June 12, 2017, Attorney Scarpello filed a counseled amended PCRA petition, alleging that the jury was deprived of Dunbar's character testimony at trial, which was "crucial to an evaluation of [Dunbar's] credibility," the deprivation of which constituted ineffective assistance of counsel and "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." Amended PCRA Petition, 6/12/17, at 2.

[9] After Attorney Scarpello filed the amended PCRA petition, the court rescheduled Dunbar's PCRA hearing to July 26, 2017, and subsequently rescheduled the same hearing for September 14, 2017. **See** Order, 7/25/17, at 1.

On December 2, 2019, Dunbar filed a second *pro se* PCRA petition. On December 5, 2019, the PCRA court issued its notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Dunbar applied for, and the PCRA court granted, three separate extensions of time to file a response. Dunbar filed his responsive brief on May 21, 2020. Ultimately, on April 7, 2020, the PCRA court denied Dunbar's second PCRA petition, and Dunbar filed a *pro se* notice of appeal that same day. On May 11, 2020, the PCRA court ordered Dunbar to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Dunbar timely complied on May 21, 2020.

On appeal, Dunbar raises the following issue for our review:"[Whether t]he trial court erred by denying [Dunbar's] [PCRA] petition where the trial court gave an improper jury instruction of consciousness of guilt by using [Dunbar's] statement to police of suicid[al] ideation." Brief of Appellant, at 4.

When reviewing the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011). The scope of our review is limited to the findings of the PCRA court and the evidence of the record viewed in the light most favorable to the Commonwealth as the prevailing party. *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005). We may affirm a PCRA court's decision on any grounds if supported by the record. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010).

Before reviewing the merits of Dunbar's appeal, we must first determine whether Dunbar has complied with the timeliness requirements of the PCRA. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013) ("[PCRA] time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition").[10] Generally, a defendant must file a PCRA petition—including a second or subsequent petition—within one year of the date that his judgment of sentence becomes final, unless he pleads and proves one of the three statutorily enumerated exceptions to the PCRA's timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1). Those exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[10] With regard to the jurisdictional nature of the time-bar, our Supreme Court has explained:

> It is well-settled that the PCRA's time restrictions are jurisdictional in nature. **Commonwealth v. Williams**, [105 A.3d 1234, 1239 (Pa. 2014)]; **Commonwealth v. Peterkin**, [722 A.2d 638, 641 (Pa. 1998)]. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. **Commonwealth v. Fahy**, [737 A.2d 214, 222 (Pa. 1999)]. Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

**Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Generally, a petitioner invoking any of these exceptions must file his petition within one year of the date the petitioner could have first presented the claim. *Id.* at § 9545(b)(2)).[11]

Under the PCRA, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or when the time for seeking such review expires. *Id.* at § 9545(b)(3). Where, as here, a defendant files a petition for allowance of appeal with the Pennsylvania Supreme Court, and that petition is denied, his judgment is deemed final ninety days later, upon the expiration of time for seeking review with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13 (petitioner has ninety days to file for writ of certiorari with U.S. Supreme Court to review judgment entered by state court of last resort).

---

[11] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, Dunbar's claim arises from allegedly improper jury instructions given at his February 7, 2014 trial. Appellant's PCRA Petition, 12/2/19, at 4. Therefore, the sixty-day deadline applies.

Here, Dunbar's judgment of sentence became final on June 14, 2016, upon the expiration of the ninety-day period for seeking review with the Supreme Court of the United States, following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on March 16, 2016. *Id.* Therefore, for the instant PCRA petition to have been timely filed, Dunbar must have filed it on or before June 14, 2017—one year after his judgment of sentence became final. The instant petition, filed more than over two years after that date, is patently untimely. *See* Pa.C.S.A. § 9545(b)(1). Moreover, Dunbar has not pled or proven an exception to the PCRA's time-bar. Specifically, in his *pro se* PCRA petition, Dunbar asserts that the trial court erred in February of 2014 by giving an improper jury instruction of consciousness of guilt while knowing that Dunbar had suffered from mental illness. *See* PCRA Petition, 12/2/19, at 4. Dunbar does not allege that the failure to raise the claim previously was the result of government interference, he does not allege that these facts were unknown to him and could not have been exercised with due diligence, nor does he allege that his right to relief is a constitutional right held to apply retroactively. *See id.*; *see also* 42 Pa.C.S.A. § 9545(b)(1). Rather, Dunbar alleges that his statement of suicidal ideation to the police—the basis of the improper jury instruction—was prejudicial and cost him a fair trial in 2014. Brief of Appellant, at 8-9.

Where Dunbar's PCRA petition is patently untimely, and where he failed to plead and prove an exception to the jurisdictional time-bar, the PCRA court

was without jurisdiction to address the merits of Dunbar's claims. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Williams**, **supra**, at 1239; **Fahy**, **supra**, at 222. Accordingly, the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21